IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOSELINA AVILA,<br><br>        Plaintiff,<br><br>v.<br><br>TRI CITY FOODS OF ILLINOIS LLC,<br><br>        Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

Plaintiff Yoselina Avila ("Plaintiff"), by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint at Law against Defendant Tri City Foods of Illinois LLC ("TCF" or "Defendant"), states as follows:

### NATURE OF ACTION

1. This is a single-plaintiff action for damages and injunctive relief against Defendant for its unlawful interference with Plaintiff's right to take federally protected job leave and for its retaliation against her when she attempted to exercise those rights, both in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 2617(a)(1) (right of action for FMLA violations).

3. Defendant's corporate office is located in Downers Grove, DuPage County, Illinois. Venue in the Eastern Division of the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Yoselina Avila is a resident of Plano, Illinois.

5. Plaintiff worked for Defendant at several of its Burger King restaurants in northern Illinois from in or around 2014 through her termination in February 2021. From October 2008 until in or around 2014, Plaintiff worked Defendant's corporate predecessor, Heartland Food LLC ("Heartland"), at its Burger King restaurants in northern Illinois.

6. At all relevant times, Plaintiff was Defendant's "employee" within the meaning of the FMLA, 29 U.S.C. § 2611(3)(A).

7. Defendant Tri City Foods of Illinois LLC owns and operates Burger King restaurants throughout Illinois including but not limited to locations in Sandwich, Yorkville, Montgomery, Plano, and Aurora, Illinois. It maintains a principal office in Downers Grove, DuPage County, Illinois.

8. From 2014 through Plaintiff's separation in February 2021, Defendant was Plaintiff's "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A).

9. From 2014 through Plaintiff's separation in February 2021, TCF employed more than 50 employees within 75 miles of each of Ms. Avila's work locations.

## FACTUAL ALLEGATIONS

10. Ms. Avila began working for TCF's corporate predecessor, Heartland Food LLC, as a Crew Member at its Burger King restaurant Plano, Illinois in October 2008. She was promoted to Shift-Manager later in 2008, and then to General Manager in or around 2009. Plaintiff then worked in a number of managerial positions, primarily but not exclusively at Heartland's Plano Burger King, from 2009 through 2014.

11. In 2014, when Plaintiff was working as a Shift Manager at the Plano Burger King, Defendant Tri City Foods came to own and operate the Plano restaurant and became Plaintiff's employer.

12. From 2014 through December 2018, Plaintiff worked for TCF as the Shift Manager or General Manager of its Plano, Illinois Burger King, with brief reassignments to other of Defendant's Burger King restaurants in Illinois.

13. In January 2019, TCF opened a Burger King located at 1210 E. Church Street, Sandwich, Illinois and Plaintiff began working there as the General Manager. She continued working there until her separation in February 2021.

14. From at least 2020 through her separation in February 2021, Plaintiff reported to Maria Gonzalez de Cruz, District Manager ("Ms. Gonzalez").

15. Throughout her employment, Ms. Avila performed her job satisfactorily.

16. In the twelve (12) months preceding December 2021, Ms. Avila worked more than 1,250 hours for Defendant.

17. In the twelve (12) months preceding February 2021, Ms. Avila worked more than 1,250 hours for Defendant.

18. In March 2020, Ms. Avila's father was diagnosed with cancer.

19. In December 2020 Ms. Avila told Ms. Gonzalez that her father had cancer and was very ill. During the same conversation, she told Ms. Gonzalez that her mother had fallen and broken multiple bones. Neither at that time nor at any other time did Ms. Gonzalez or any other employee of Defendant advise Ms. Avila of her right to leave pursuant to the FMLA to care for either of her parents.

20. In February 2021, Ms. Avila's father was hospitalized and receiving treatment for cancer, in addition to other health conditions. During this hospital stay, he was also diagnosed with pneumonia.

21. On February 22, 2021, Ms. Avila learned that her father's doctors did not believe there was anything more they could do to treat him, and that his doctors estimated he might survive anywhere from 3 weeks to 3 months.

22. On February 22, 2021, Ms. Avila told Ms. Gonzalez that her father was in the hospital suffering from both cancer and pneumonia and "very sick," and that she needed to visit him that day. Again, Ms. Gonzalez did not advise Ms. Avila of her right to leave to care for her gravely ill father. Instead she reminded Ms. Avila of a conference call scheduled for that afternoon and told Ms. Avila she expected her to participate in the call from the hospital.

23. On February 23, 2021, Ms. Avila told Ms. Gonzalez that she might need time away from work to care for her father. Ms. Gonzalez did not advise Ms. Avila of her right to take leave to care for her father.

24. On February 24, 2021, Ms. Avila's father was discharged from the hospital and began receiving hospice care in his home. When Ms. Avila learned that he was back in his home, she told Ms. Gonzalez that she would need time off to help care for her father. To minimize the inconvenience this would cause, though, she volunteered to open the restaurant the following day, February 25. Ms. Gonzalez did not advise Ms. Avila of her right to take leave to care for her father.

25. On February 25, 2021, Ms. Avila went to work and again spoke with Ms. Gonzalez about her need for leave to care for her father. Ms. Gonzalez told Ms. Avila that she (Ms. Gonzalez) had spoken about the situation with Alicia Ramirez, Region Manager. Ms. Avila asked Ms. Gonzalez if she would need to complete paperwork to take FMLA leave. Ms. Gonzalez answered

4

that per Ms. Ramirez, Ms. Avila didn't "need FMLA," and instead that Ms. Avila needed to sign a letter.

26. At Ms. Ramirez's and Ms. Gonzalez's direction and against Ms. Avila's wishes, Ms. Avila hand wrote and signed a resignation letter on February 25, 2021. In the letter, Ms. Avila "returned" her position to Defendant for an indefinite time. Ms. Gonzalez told Ms. Avila that Defendant did not promise to retain Ms. Avila's job for her while she was away caring for her father.

27. On the afternoon of February 25, 2021, Ms. Gonzalez offered Ms. Avila's General Manager position to someone else. That person accepted and was hired into the position, and began working in the role on February 29, 2021.

28. Ms. Avila's father passed away on February 25, 2021, while she was still at work in an attempt not to disrupt Defendant's operations.

29. Defendant failed to advise Ms. Avila of her right or eligibility to take leave pursuant to the FMLA, despite receiving notice of her need for leave at least five (5) times.

30. Defendant denied Ms. Avila's explicit request to apply for FMLA on February 25, 2021, instead demanding her resignation.

31. Defendant replaced Ms. Avila rather than permitting her to return to work from FMLA-eligible leave.

**COUNT I**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE**

32. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

33. The matters set forth in this Count arise from Defendant's interference in violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

34. Defendant interfered with Plaintiff's rights under the FMLA by failing to provide her with notice or information regarding her right to take job-protected leave pursuant to the FMLA when it knew of her potential need for such leave.

35. Defendant interfered with Plaintiff's rights under the FMLA by refusing to provide her with the paperwork necessary to apply for FMLA on February 25, 2021, as she requested.

36. Defendant interfered with Plaintiff's rights under the FMLA by demanding that she sign a resignation letter immediately after she asked to apply for medical leave to care for her ailing father.

37. Defendant interfered with Plaintiff's rights under the FMLA by replacing her on the same day that she asked to apply for FMLA leave to care for her ailing father.

38. But for Defendant's interference with Ms. Avila's FMLA rights, she would have continued working for Defendant.

39. Defendant's violations of the FMLA have caused Ms. Avila to incur damages, including but not limited to loss of income.

WHEREFORE, Plaintiff Yoselina Avila respectfully requests that this Court enter an order as follows:

a) Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

b) Enjoining and permanently restraining these violations of the FMLA;

c) Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;

d) Awarding Plaintiff reinstatement or front pay in the alternative;

e) Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

    f)    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    g)    Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – RETALIATION

40.    Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

41.    The matters set forth in this Count arise from Defendant's retaliation in violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

42.    Defendant retaliated against Plaintiff when it demanded that she sign a resignation letter after learning of her need for leave and after she expressly asked to apply for leave.

43.    Defendant retaliated against Plaintiff when it replaced her on the same day she requested paperwork to apply and asked to start leave to care for her ailing father.

44.    But for Defendant's retaliation against with Ms. Avila in violation of the FMLA, she would have continued working for Defendant.

45.    Defendant's violations of the FMLA have caused Ms. Avila to incur damages, including but not limited to loss of income.

WHEREFORE, Plaintiff Yoselina Avila respectfully requests that this Court enter an order as follows:

    a)    Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

    b)    Enjoining and permanently restraining these violations of the FMLA;

    c)    Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;

    d)    Awarding Plaintiff reinstatement or front pay in the alternative;

e) Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

f) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

g) Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

| | |
|---|---|
| Dated: March 31, 2021 | Respectfully submitted, |
| | |
| Alejandro Caffarelli | YOSELINA AVILA |
| Madeline K. Engel | |
| Caffarelli & Associates, Ltd. | |
| 224 S. Michigan Ave., Suite 300 | By: /s/ *Madeline K. Engel* |
| Chicago, Illinois 60604 | Attorney for Plaintiff |
| Tel. (312) 763-6880 | |
| acaffarelli@caffarelli.com | |
| mengel@caffarelli.com | |